60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James M. CRATER, Plaintiff-Appellant,
v.
Roy ROMER; Aristedes Zavaras, Defendants-Appellees.
 No. 95-1131.
 United States Court of Appeals, Tenth Circuit.
 July 10, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, James M. Crater, brings this appeal challenging the district court's order dismissing his civil rights suit against defendants. We affirm.
 
 BACKGROUND
 
 3
 In September 1972, Mr. Crater escaped from the Department of Corrections for the state of Colorado. A fugitive warrant was obtained and escape charges filed. In November 1972, Mr. Crater was imprisoned in Kentucky for crimes committed in that state. Consequently, the Colorado fugitive warrant and escape charges were withdrawn.
 
 
 4
 In July 1979, Mr. Crater was released from prison in Kentucky. In late 1979, he was arrested and incarcerated in Illinois for crimes committed in that state. In March 1986, while Mr. Crater was still imprisoned in Illinois, Colorado lodged a detainer against him. In December 1993, after serving his Illinois sentence, Mr. Crater was extradited to Colorado where he is currently serving out the balance of his term of imprisonment from which he had fled in 1972.
 
 
 5
 On March 2, 1994, Mr. Crater filed a petition for writ of habeas corpus in state district court. On March 10, 1994, he filed an action in federal court pursuant to 42 U.S.C.1983. Thereafter, Mr. Crater's state habeas corpus petition was denied. Mr. Crater appealed to the Colorado Supreme Court which affirmed the judgment. Crater v. Furlong, 884 P.2d 1127 (Colo.1994).
 
 
 6
 The district court dismissed Mr. Crater's 1983 action seeking damages on the ground it is barred by the doctrine of collateral estoppel. He brings this appeal challenging that ruling, and also asserting the district court erred in not entering a default judgment in his favor against defendants.
 
 DISCUSSION
 
 7
 Mr. Crater's 1983 suit alleges he has been deprived of actual time credits, good time credits, and merit time credits by officials in the state of Colorado. He alleges these credits were accumulated during his periods of incarceration in Kentucky and Illinois. Mr. Crater argues this denial has violated his rights to equal protection of the laws and due process, for which he is entitled to an award of damages.
 
 
 8
 "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). To invoke the doctrine of collateral estoppel, mutuality of parties is not necessary. Rather, the doctrine requires an identity of issues raised in the successive proceedings and the determinations of these issues by a valid final judgment to which determination was essential. Id. at 94-95; Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (19th Cir.1990). Application of the doctrine requires that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue. Allen, 449 U.S. at 95.
 
 
 9
 Although Mr. Crater's state habeas corpus petition was filed against defendants different than those named in this action, the facts of the state case are identical to those alleged here. See Crater, 884 P.2d at 1128-31. In his state action, Mr. Crater argued the facts of his case (specifically, his escape from Colorado, subsequent incarceration in Kentucky and Illinois, and subsequent extradition and incarceration in Colorado) amounted to a violation of his federal constitutional rights entitling him to immediate release from custody. Id. Because the facts presented in support of his state habeas action were identical to those presented here in support of his 1983 damages action, Mr. Crater had a full and fair opportunity to pursue his claims for monetary damages in that action. As such, we conclude the district court properly dismissed Mr. Crater's 1983 action on the ground it is barred by the doctrine of collateral estoppel.
 
 
 10
 Mr. Crater also argues the district court erred in failing to enter a default judgment against the defendants because they failed to file a timely answer to his complaint. Mr. Crater did not, however, file a written objection to the Magistrate Judge's recommendation, which did not address the issue of default judgment. As such, it is doubtful that this issue is properly before us. See Thomas v. Arn, 474 U.S. 140 (1985); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986). In any event, it is clear from the record the defendants timely filed their answer to Mr. Crater's complaint. As such, the district court did not abuse its discretion in declining to enter a default judgment against defendants.
 
 
 11
 The order of the district court is, therefore, AFFIRMED.
 
 BRORBY, Circuit Judge
 
 12
 ---------------
 
 
 
 1 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.